IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| FINNAVATIONS LLC,<br><br>             Plaintiffs,<br><br>    v.<br><br>PAYONEER INC.,<br><br>             Defendant. | C. A. No. 1:18-cv-00444-RGA<br><br>**JURY TRIAL DEMANDED** |

## PAYONEER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Payoneer Inc. ("Payoneer" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Finnavations LLC's ("Finnavations" or "Plaintiff") Complaint ("Complaint"). Payoneer denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## PARTIES AND JURISDICTION

1.    Payoneer admits that the Complaint alleges an action for patent infringement and that Plaintiff is seeking injunctive relief and damages. Payoneer denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

2.    Plaintiff admits this Court has subject matter jurisdiction over this action.

3.    Payoneer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      Payoneer admits that it is a Delaware corporation. Payoneer denies that its principal place of business is at 150 West 30th Street, Suite 500, New York, New York 10001. Payoneer's principal place of business is at 150 West 30th Street, Suite 600, New York, New York 10001.

5.      Payoneer admits that this Court has personal jurisdiction over it. Payoneer denies it has committed or is committing acts of infringement and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6.      Payoneer denies the allegations in Paragraph 6 of the Complaint.

**VENUE**

7.      Payoneer admits that venue is proper in this District pursuant to 28 U.S.C. § 1400(b). Payoneer denies the remaining allegations in Paragraph 7 of the Complaint.

**COUNT I**
**([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,569,755)**

8.      Payoneer incorporates by references the above Paragraphs 1–7 as if fully set forth herein.

9.      Payoneer admits that the Complaint alleges an action under the patent Laws of the United States.

10.     Payoneer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.     Payoneer admits that a purported copy of the '755 Patent is attached to the Complaint as Exhibit A.

12.     Payoneer denies that the '755 Patent is valid or enforceable. Payoneer admits that the '755 Patent speaks for itself. Payoneer denies any remaining allegations in Paragraph 12 of the Complaint.

13.     Payoneer denies the allegations in Paragraph 13 of the Complaint.

14.     Payoneer admits that it provides financial services and has a mobile app. Payoneer admits that the images in Paragraph 14 of the Complaint are of Payoneer's website. Payoneer denies any remaining allegations in Paragraph 14 of the Complaint.

15.     Payoneer admits that its service uses internet-capable devices to conduct online financial transactions. Payoneer admits that the images in Paragraph 15 of the Complaint are of Payoneer's website and service. Payoneer denies any remaining allegations in Paragraph 15 of the Complaint.

16.     Payoneer admits that the images in Paragraph 16 of the Complaint are of Payoneer's website. Payoneer denies any remaining allegations in Paragraph 16 of the Complaint.

17.     Payoneer admits that the images in Paragraph 17 of the Complaint are of Payoneer's website. Payoneer denies any remaining allegations in Paragraph 17 of the Complaint.

18.     Payoneer denies the allegations in Paragraph 18 of the Complaint.

19.     Payoneer admits that its services uses internet-capable devices. Payoneer admits that the images in Paragraph 19 of the Complaint are of Payoneer's website.

20.     Payoneer denies the allegations in Paragraph 20 of the Complaint.

21.     Payoneer denies the allegations in Paragraph 21 of the Complaint.

22.     Payoneer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Payoneer denies that Plaintiff is entitled to any relief from Payoneer and denies all the allegations contained in Paragraphs (a)-(e) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Payoneer's Affirmative Defenses are listed below. Payoneer reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Payoneer has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '755 Patent because, *inter alia*, the Payoneer's service does not use a financial assistant to "determin[e] . . . whether the searched data comprises transaction data for the online financial transaction" or "copy[] and stor[e] . . . the transaction data and additional transaction data not included in the transmitted transaction data into in a second data structure compatible with the financial management program."

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '755 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto because the asserted claims of the '755 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,815,657; 5,842,185; 5,903,881; 5,920,848; 6,394,341; 5,521,363; and 6,446,048.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '755 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Payoneer's actions allegedly infringe the '755 Patent, Payoneer is not liable to Plaintiff for the acts alleged to have been performed before Payoneer received actual notice that it was allegedly infringing the '755 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Payoneer indirectly infringes, either by contributory infringement or inducement of infringement, Payoneer is not liable to Plaintiff for the acts alleged to have been performed before Payoneer knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Payoneer are barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims of the '755 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Payoneer.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are limited pursuant to the statutory limitations on damages set forth in 35 U.S.C. § § 286, 287, and/or 288.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any injunctive relief because Plaintiffs have, at a minimum, no irreparable injury and an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of patent exhaustion, collateral estoppel, and/or first sale.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages by taking reasonable steps to minimize or prevent the harm that Plaintiffs claimed to have incurred.

## PAYONEER'S COUNTERCLAIMS

For its counterclaims against Finnavations LLC ("Finnavations" or "Plaintiff"), Counterclaim Plaintiff Payoneer Inc. ("Payoneer" or "Defendant") alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff Payoneer is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 150 West 30th Street, Suite 600, New York, New York 10001.

2.      Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Finnavations is a limited liability company organized and operating under the laws of the State of Texas and is located and doing business at 3415 Custer Road, Suite 120-B, Plano, Texas 75023.

## JURISDICTION

3.      Payoneer incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Finnavations has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on Finnavations' filing of this action, venue is proper for purposes of these counterclaims.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7.      Payoneer incorporates by reference Paragraphs 1–6 above.

8.      Based on Finnavations' filing of this action and at least Payoneer's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Payoneer infringes U.S. Patent No. 9,569,755 (the "'755 Patent").

9.      Payoneer does not infringe at least claims 9 and 17 of the '755 Patent because, *inter alia*, the Payoneer's service does not use a financial assistant to "determin[e] . . . whether the searched data comprises transaction data for the online financial transaction" or "copy[] and stor[e] . . . the transaction data and additional transaction data not included in the transmitted transaction data into in a second data structure compatible with the financial management program."

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Payoneer requests a declaration by the Court that Payoneer has not infringed and does not infringe any claim of the '755 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11.     Payoneer incorporates by reference Paragraphs 1–10 above.

12.     Based on Finnavations' filing of this action and at least Payoneer's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '755 Patent.

13.     The asserted claims of the '755 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,815,657; 5,842,185; 5,903,881; 5,920,848; 6,394,341; 5,521,363; and 6,446,048.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Payoneer requests a declaration by the Court that the claims of the '755 Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Payoneer asks this Court to enter judgment in Payoneer's favor and against Finnavations by granting the following relief:

a)     a declaration that the '755 Patent is invalid;

b)     a declaration that Payoneer does not infringe, under any theory, any valid claim of the '755 Patent that may be enforceable;

c)     a declaration that Finnavations take nothing by its Complaint;

d)     judgment against Finnavations and in favor of Payoneer;

e)     dismissal of the Complaint with prejudice;

f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Payoneer of its costs and attorneys' fees incurred in this action; and

g)     further relief as the Court may deem just and proper.

## **JURY DEMAND**

Payoneer hereby demands trial by jury on all issues.

Dated: May 16, 2018

FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
    Jeremy D. Anderson (#4515)
    222 Delaware Avenue, 17th Floor
    Wilmington, Delaware 19899-1114
    (302) 652-5070 (Telephone)
    (302) 652-0607 (Facsimile)
    janderson@fr.com

    Neil J. McNabnay
    David B. Conrad
    Ricardo J. Bonilla
    Michael A. Vincent
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)
    mcnabnay@fr.com
    conrad@fr.com
    rbonilla@fr.com
    vincent@fr.com

ATTORNEYS FOR DEFENDANT
PAYONEER INC.