IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINNAVATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PAYONEER, INC.,<br><br>    Defendant. | Civil Action No. 1:18-cv-00444-RGA |
| FINNAVATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>STITCH LABS, INC.,<br><br>    Defendant. | Civil Action No. 1:18-cv-00445-RGA |

**MEMORANDUM**

Presently before me are Defendant Payoneer Inc.'s Motion for Exceptional Case and Defendant Stitch Labs, Inc.'s Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285. (C.A. 18-444, D.I. 25; C.A. 18-445, D.I. 21). The Parties have fully briefed the issue. (C.A. 18-444, D.I. 26, 30, 32; C.A. 18-445, D.I. 22, 29, 32). For the reasons set out below, Defendants' Motions are **GRANTED**.

I. **BACKGROUND**

Plaintiff filed Complaints against Defendants on March 23, 2018, alleging infringement of U.S. Patent No. 9,569,755 ('755 Patent). (C.A. 18-444, D.I. 1; C.A. 18-445, D.I. 1). On May

16, 2018, Defendants filed Motions to Dismiss for Failure to State a Claim based on patent ineligibility of the '755 Patent under 35 U.S.C. § 101. (C.A. 18-444, D.I. 7, 8; C.A. 18-445, D.I. 9, 10). I heard argument on October 24, 2018 and granted the motions on November 26, 2018. (D.I. 22 ).[1] Specifically, I found that the '755 Patent was directed to the patent ineligible abstract idea of bookkeeping and did not contain an inventive concept. (*Id.* at 7).

## II. LEGAL STANDARD

The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Under the statute there are two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party." The Supreme Court defines an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

## III. DISCUSSION

It is undisputed that Defendants are prevailing parties. Thus, the only issue is whether the cases are exceptional.

There is no question that the '755 Patent is patent ineligible under the Federal Circuit's current precedent. In fact, the Patent is reminiscent of patents which courts were invalidating in the immediate wake of *Alice*, five years ago. Since *Alice*, the law of patent eligibility has perhaps become unpredictable and unclear on the fringes. But one thing has remained true: patents which look like *Alice* are ineligible. I have rarely been more confident in the patent ineligibility of a set of claims or more confident in the unreasonableness of a Plaintiff's decision

---

[1] Unless otherwise noted, all references to docket items refer to the docket in C.A. 18-444.

2

to sue on a patent.² Thus, this case fits the bill of "one that stands out from others" with regard to the substantive weakness of Plaintiff's litigation position.

Plaintiff informs me that the Examiner allowed the '755 Patent despite a remarkable *four* Section 101 rejections. (D.I. 30 at 2-4). It argues that this supports its position that it was reasonable to assert the patent. (*Id.*). I do not agree. All patents are issued by the Patent Office. A blanket application of Plaintiff's position would effectively relieve patentholders from independently evaluating the strength of their patents prior to suing. This is problematic, however, as all plaintiffs have a duty to critically assess the merits of their case prior to suit. I will not adopt a position which relieves patent plaintiffs from that duty.³ The issuance of a patent cannot and should not be a license to sue with abandon.⁴

Plaintiff also argues that the Patent Office's continued issuance of substantially identical patents supports its position. (D.I. 30 at 10-11). This argument is similarly unpersuasive. Patent examiners are non-lawyers. An examiner's opinion on the legal question of patent eligibility

---

² I have resolved scores of Section 101 motions and seen a wide array of validity arguments. Usually the quality of an argument falls somewhere between good and mediocre. Infrequently, I have encountered arguments which I would classify as bad. Plaintiff's defense of the validity of the '755 Patent was not just mediocre or bad; it was ugly.
³ Plaintiff cites *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018), for the proposition that a patentholder is entitled to a presumption of good faith in filing an infringement lawsuit. This is not, however, inconsistent with my position. When deciding whether to award attorneys' fees, "district courts [can] consider a nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness, LLC*, 572 U.S. at 554 n.6 (cleaned up). The presumption of good faith mentioned in *Stone* does not bear on the considerations which compel my decision in this case: objective unreasonableness and deterrence.
⁴ Additionally, the four Section 101 rejections put Plaintiff on notice that its claims were of dubious patentability. As Defendant Payoneer notes, "four separate rejections on eligibility grounds should have given Finnavations pause before asserting the eventually-issued claims in litigation." (D.I. 32 at 3).

does not relieve a patent attorney from her obligation to make an independent assessment based on an evaluation of the relevant law.

Plaintiff further argues that the law is unclear and that it made reasonable arguments in response to Defendants' motions. (D.I. 30 at 11-15). I disagree. As I discussed in my Memorandum Opinion, the claims of the '755 Patent are "plainly directed at a patent ineligible concept" and "amount to no more than the underlying idea." (D.I. 22 at 5). This was not a "borderline case" with an unpredictable result. Any reasonable patent attorney with an understanding of Section 101 law could have predicted the outcome.

Finally, Plaintiff argues that awarding fees will have a "chilling effect" on patents. (D.I. 30 at 19-20). It states, "If attorneys' fees are awarded under the facts in this case, then there is no situation in which a patent owner could safely assert infringement of a recently issued patent without fear of being subject to attorneys' fees if the patent is held ineligible for patenting." This statement is overblown. More accurately put, awarding fees will have a chilling effect on asserting a patent without first assessing the patent's weaknesses considering current caselaw. I do not view this result as a negative. Rather, it is a result that benefits the public generally by decreasing instances of transparently meritless patent litigation—one of the many goals of the attorneys' fees provision.

### IV. CONCLUSION

Plaintiff should not have filed suit asserting the clearly patent ineligible claims of the '755 Patent. Its decision was unreasonable under the law and its behavior should be deterred. Thus, I will grant Defendant Payoneer Inc.'s Motion for Exceptional Case (D.I. 25) and Defendant Stitch Labs, Inc.'s Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285 (C.A. 18-445, D.I. 21).